**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANDRE WILLIAMS,**

    **Plaintiff,**

v.                                                                              Case No:

**PALMER RECOVERY
ATTORNEYS, PLLC,**

    **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **ANDRE WILLIAMS** ("Mr. Williams" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, PALMER RECOVERY ATTORNEYS, PLLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in placing over one hundred and fifty (150) calls to Mr. Williams' Cellular Telephone in attempts to collect an alleged debt

owed by an unknown party and by continuing to call Mr. Williams Cellular Telephone even after Mr. Williams told Defendant that he did not owe the alleged debt and demanded that Defendant stop placing calls to his Cellular Telephone.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Williams, was and is a natural person and, at all times material hereto, is an adult, a resident of Brevard County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Williams is the regular user and subscriber of the cellular telephone number 321-***-5257 ("Mr. Williams' Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. Mr. Williams is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

8. Mr. Williams has no prior business relationship with Defendant, nor does Mr. Williams have any prior business relationship with any of the creditors that assigned

Defendant the debts that Defendant improperly attempted to collect from Mr. Williams.

9. At all times material hereto, Defendant was and is a limited liability company with its principle place of business in the State of FL and its registered agent, ST II, LLC, located at 251 Heronwood Cir., Deltona, FL 32725.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55(3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55(7) & 15 U.S.C § 1692a(6).

### *Statements of Fact*

11. In or around November of 2016, Defendant began placing calls to Mr. Williams Cellular Telephone.

12. In its calls, Defendant asked for an unknown third party in its attempts to collect a debt owed by someone other than Mr. Williams.

13. Mr. Williams answered one of Defendant first few calls and demanded that it stop calling him.

14. Mr. Williams also informed Defendant that he did not owe the alleged debt that Defendant was attempting to collect.

15. Further, Mr. Williams also informed Defendant that he was not the intended recipient of the calls and had no knowledge of the unknown third party Defendant was attempting to reach.

16. Mr. Williams informed Defendant that the Cellular Telephone number belonged to Mr. Williams, and not any other individual.

17. Mr. Williams informed Defendant that Defendant had the wrong number.

18. Despite Mr. Williams demand for Defendant to cease its calls, Defendant continued to call Mr. Williams' Cellular Telephone number at least one hundred and fifty (150) more times in attempts to collect an alleged debt owed by an unknown individual.

19. Defendant would often place two to three (2-3) calls in a single day to Mr. Williams' Cellular Telephone in attempt to collect an alleged debt owed by an unknown individual.

20. Upon answering Defendant's collection calls Mr. Williams would hear a short prerecorded message before a representative of Defendant comes on the line.

21. Upon answering at least one of Defendant's collection calls Mr. Williams heard a pause before he was connected to a live representative of Defendant.

22. Defendant's continued calls after Mr. Williams requested that Defendant stop calling him implied that Mr. Williams owed the alleged debts.

23. Defendant's continued calls after Mr. Williams requested that Defendant stop calling him implied that Defendant believed Mr. Williams was lying when he informed Defendant that he did not owe the alleged debts.

24. At no time did Mr. Williams ever give his Cellular Telephone number to Defendant.

25. At no time did Mr. Williams ever give his consent to Defendant to call his Cellular Telephone.

26. All of Defendant's calls to Mr. Williams' Cellular Telephone were placed in attempts to collect an alleged debt owed by an unknown individual.

## *Count 1: Violation of the Telephone Consumer Protection Act*

27. Mr. Williams re-alleges paragraphs 1-26 and incorporates the same herein by reference.

28. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

29. Mr. Williams never provided any consent for Defendant to call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

30. This is because Mr. William had no prior business relationship with Defendant to provide any prior express consent for Defendant to call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message.

31. Despite never having Mr. Williams' prior express consent to call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Mr. Williams' Cellular Telephone at least one hundred and fifty (150) times.

32. Each of the calls that Defendant placed to Mr. Williams' Cellular Telephone was placed in an attempt to collect an alleged Debt from someone other than Mr. Williams.

33. Further, Mr. Williams expressly revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around November of 2016 when he expressly told Defendant to stop calling him.

34. Mr. Williams also expressly revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around November of 2016 when he expressly told Defendant that he did not owe the debt that Defendant was attempting to collect.

35. Mr. Williams even expressly revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around November of 2016 when he expressly told Defendant that no other individual besides Mr. Williams was at Mr. Williams' Cellular Telephone number.

36. Defendant did not have Mr. Williams' consent to call his Cellular Telephone number at any point in time.

37. Mr. Williams never provided Defendant with his Cellular Telephone number.

38. Despite this revocation of consent, Defendant thereafter called Mr. Williams' Cellular Telephone at least one hundred and forty-five (145) times.

39. Defendant did not place any emergency calls to Mr. Williams' Cellular Telephone.

40. Defendant willfully and knowingly placed non-emergency calls to Mr. Williams' Cellular Telephone.

41. Mr. Williams knew that Defendant called Mr. Williams' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls

from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

42. Mr. Williams knew that Defendant called Mr. Williams' Cellular Telephone using a prerecorded voice because Defendant left Mr. Williams at least one voicemail using a prerecorded voice.

43. Defendant used an ATDS when it placed at least one call to Mr. Williams' Cellular Telephone.

44. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Williams' Cellular Telephone.

45. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Mr. Williams' Cellular Telephone.

46. Under information and belief, Defendant used an ATDS when it placed at least one hundred calls to Mr. Williams' Cellular Telephone.

47. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Williams' Cellular Telephone.

48. At least one call that Defendant placed to Mr. Williams' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

49. At least one call that Defendant placed to Mr. Williams' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

50. At least one call that Defendant placed to Mr. Williams' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

51. At least one call that Defendant placed to Mr. Williams' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

52. At least one call that Defendant placed to Mr. Williams' Cellular Telephone was made using a prerecorded voice.

53. Defendant has recorded at least one conversation with Mr. Williams.

54. Defendant has recorded more than one conversation with Mr. Williams.

55. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Williams, for its financial gain.

56. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Williams' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

57. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Williams, despite individuals like Mr. Williams revoking any consent that Defendant believes it may have to place such calls.

58. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Williams' Cellular Telephone.

59. Defendant has corporate policies to abuse and harass consumers like Mr. Williams despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

60. Defendant's phone calls harmed Mr. Williams by trespassing upon and interfering with Mr. Williams' rights and interests in his Cellular Telephone line.

61. Defendant's phone calls harmed Mr. Williams by wasting his time.

62. Defendant's phone calls harmed Mr. Williams by causing him aggravation.

63. Defendant's phone calls harmed Mr. Williams by causing him emotional distress.

64. Defendant's phone calls harmed Mr. Williams by causing a risk of personal injury to Mr. Williams due to interruption and distraction.

65. Defendant's phone calls harmed Mr. Williams by invading his privacy.

66. All conditions precedent to this action have occurred.

   **WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Palmer Recovery Attorneys, PLLC*
Page **9** of **14**

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

67. Mr. Williams re-alleges paragraphs 1-26 and incorporates the same herein by reference.

68. Mr. Williams is a "consumer" within the meaning of the FDCPA.

69. The subject debt is a "consumer debt" within the meaning of the FDCPA.

70. Defendant is a "debt collector" within the meaning of the FDCPA.

71. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692e(2)(a) by attempting to collect on an unknown debt from Mr. Williams; Mr. Williams did not owe the unknown debt, and Defendant's calls continued despite Mr. Williams informing Defendant that he was not the intended recipient of Defendant's calls and did not owe the unknown debt.

    b. Defendant violated 15 U.S.C.§ 1692d(5) by causing Mr. Williams' Cellular Telephone to ring continuously with the intent to annoy, abuse, and harass any person at the called number by placing one hundred and fifty (150) calls to Mr. Williams' Cellular Telephone, and by calling two to three (2-3) times in a single day.

    c. Defendant violated 15 U.S.C. § 1692f(1) by using unfair and unconscionable means, including continuing to call Mr. Williams after he informed Defendant that he did not owe the debts.

72. As a result of the above violations of the FDCPA, Mr. Williams has been subjected to illegal collection activities for which he has been damaged.

73. Defendant's actions have damaged Mr. Williams by invading his privacy.

74. Defendant's actions have damaged Mr. Williams by causing him embarrassment.

75. Defendant's actions have damaged Mr. Williams by causing him stress.

76. Defendant's actions have damaged Mr. Williams by causing him emotional distress.

77. Defendant's actions have damaged Mr. Williams by causing him aggravation.

78. Defendant's actions have damaged Mr. Williams by harming his reputation.

79. It has been necessary for Mr. Williams to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

80. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems equitable.

## *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

81. Mr. Williams re-alleges paragraphs 1-26 and incorporates the same herein by reference.

82. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Williams with such frequency as can reasonably be expected to harass him, including calling Mr. Williams one hundred and fifty (150) times despite Mr. Williams demand that Defendant's calls cease.

    b. Defendant violated Fla. Stat. § 559.72(9) by attempting to collect on a debt and/or amounts known to be illegitimate by continuing to call Mr. Williams' even after he informed Defendant that he did not owe the alleged debt which implies that Mr. Williams owed the alleged debts.

83. As a result of the above violations of the FCCPA, Mr. Williams has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

84. Defendant's actions have damaged Mr. Williams by invading his privacy.

85. Defendant's actions have damaged Mr. Williams by causing him embarrassment.

86. Defendant's actions have damaged Mr. Williams by causing him stress.

87. Defendant's actions have damaged Mr. Williams by causing him emotional distress.

88. Defendant's actions have damaged Mr. Williams by causing him aggravation.

89. Defendant's actions have damaged Mr. Williams by harming his reputation.

90. It has been necessary for Mr. Williams to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

91. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Andre Williams, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 1, 2018**,

>*/s/ Kaelyn Steinkraus*
>Kaelyn Steinkraus, Esq.
>Florida Bar No. 125132
>kaelyn@zieglerlawoffice.com
>
>*/s/ Michael A. Ziegler*
>Michael A. Ziegler, Esq.
>Florida Bar No. 74864
>mike@zieglerlawoffice.com
>
>Law Office of Michael A. Ziegler, P.L.
>13575 58th Street North, Suite 129
>Clearwater, FL 33760
>(p)  (727) 538-4188
>(f)  (727) 362-4778
>Attorneys and Trial Counsel for Plaintiff